IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| ERNEST HAYWARD WARD,<br><br>    Plaintiff,<br><br>v.<br><br>TROUP COUNTY SCHOOL DISTRICT,<br><br>    Defendant. | CIVIL ACTION FILE<br><br>NO. 3:17-cv-183-TCB |

**O R D E R**

This case comes before the Court on Magistrate Judge Russell G. Vineyard's supplemental final report and recommendation (the "R&R") [80], which recommends granting Defendant Troup County School District's motion [54] for summary judgment. Plaintiff Ernest Hayward Ward has filed objections [83].

A district judge has a duty to conduct a "careful and complete" review of a magistrate judge's R&R. *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam) (quoting *Nettles v. Wainwright*,

677 F.2d 404, 408 (5th Cir. Unit B 1982)). This review may take different forms, however, depending on whether there are objections to the R&R. The district judge must "make a de novo determination of those portions of the [R&R] to which objection is made." 28 U.S.C. § 636(b)(1)(C). In contrast, those portions of the R&R to which no objection is made need only be reviewed for "clear error." *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006) (per curiam) (quoting *Diamond v. Colonial Life & Accident Ins.*, 416 F.3d 310, 315 (4th Cir. 2005)).[1]

"Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." *Nettles*, 677 F.2d at 410 n.8. "This rule

---

[1] *Macort* dealt only with the standard of review to be applied to a magistrate's factual findings, but the Supreme Court has indicated that there is no reason for the district court to apply a different standard to a magistrate's legal conclusions. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Thus, district courts in this circuit have routinely reviewed both legal and factual conclusions for clear error. *See Tauber v. Barnhart*, 438 F. Supp. 2d 1366, 1373–74 (N.D. Ga. 2006) (collecting cases). This is to be contrasted with the standard of review on appeal, which distinguishes between the two. *See Monroe v. Thigpen*, 932 F.2d 1437, 1440 (11th Cir. 1991) (holding that when a magistrate's findings of fact are adopted by the district court without objection, they are reviewed on appeal under a "plain error standard" while questions of law always remain subject to de novo review).

facilitates the opportunity for district judges to spend more time on matters actually contested and produces a result compatible with the purposes of the Magistrates Act." *Id.* at 410.

After conducting a complete and careful review of the R&R, the district judge "may accept, reject, or modify" the magistrate judge's findings and recommendations. 28 U.S.C. § 636(b)(1)(C); *Williams*, 681 F.2d at 732. The district judge "may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(C).

Ward has filed a litany of objections,[2] many of which attempt to reassert arguments raised during summary judgment briefing, which Court will address in turn.

First, Ward objects to the R&R's decision not to consider the affidavits of Lou Ann Hood, Barb McCain, Donna George, and Heidi Jones. The magistrate judge did not consider these affidavits because they did not contain language indicating that they were written under

---

[2] Ward's objections span sixty-seven pages, well exceeding the twenty-five-page limit imposed by Instructions to Parties and Counsel. Regardless, the Court will consider all objections.

penalty of perjury. In his objections, Ward asserts that "people who wrote the affidavits could testify to the statements that they wrote and signed in front of a notary." [83] at 4. However, the witnesses' availability to testify does not erase the requirements for affidavits imposed by 28 U.S.C. § 1746. Accordingly, Ward's objection is overruled.

Second, Ward objects to the R&R's consideration of Dr. Pat Barton's affidavit. Ward asserts that he has the right to confront Barton, and his inability to do so violates the confrontation clause of the Sixth Amendment. That objection is overruled as the Sixth Amendment applies to criminal prosecutions, not civil matters. Ward's other objections primarily dispute Barton's statements in her affidavit. Based on a review of the record, the R&R, and Ward's objections, the magistrate judge properly considered the statements in the affidavit to which Ward objects, and his objection is overruled.

Third, Ward asserts that the R&R considered evidence that was not provided to him during the course of discovery. Ward asserts that "he should not have to beg for information that is legally supposed to be supplied by the Defendants." [83] at 17. The Court agrees with the

4

R&R's conclusion that there were other mechanisms to address this issue prior to the briefing on summary judgment. Ward's objection is overruled.

Fourth, Ward again seemingly argues that the magistrate judge should not have considered certain affidavits and exhibits because Ward did not have them during discovery. For the same reason stated above, this objection is overruled.

Fifth, Ward provides the "whole story," [83] at 20, through the presentation of multiple facts. He highlights certain facts, and then points out where those facts are "disputed." However, the R&R correctly determined that those facts are undisputed because Ward either admitted or did not respond to Troup County School District's statement of material facts. The objection is overruled.

Sixth, Ward asserts that he has shown a genuine issue for trial. However, having conducted a de novo review of the record, the Court finds that no genuine issue for trial remains.

Seventh, Ward argues that he established that there is an issue of material fact as to whether the school system had an unwritten policy

or custom of placing low-income black students in specific elementary schools. The R&R properly determined that Ward's affidavit lacks facts to enable the Court to determine whether there was in fact a discriminatory policy or custom in the school district. Ward's objection is overruled.

Eighth, Ward restates a timeline of events establishing pretext. However, Ward does not specifically object to any of the R&R's findings. Because Ward fails to identify a specific basis for the objection, the Court need not consider it. *See Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988).

Ninth, Ward seemingly asserts that he was treated less favorably than similarly situated individuals outside his protected class. However, the magistrate judge properly analyzed each of Ward's proposed comparators. The comparators Ward identifies are not "similarly situated in all relevant aspects." *Washington v. United Parcel Serv., Inc.*, 567 F. App'x 749, 752 (11th Cir. 2014). The quantity and quality of the comparators' misconduct is not nearly identical to Ward's. The objection is overruled.

Tenth, Ward again asserts that he has established that there was pretext. He further argues that Judge Vineyard confused a Professional Development Plan ("PDP") with a Professional Learning Plan ("PLP"). There is nothing to support that assertion, and the objection is overruled.

The eleventh objection is not clear. Ward seems to assert that he has established a prima facie case of discrimination. The R&R correctly concluded that Ward has not established a prima facie case of discrimination as it relates to his placement on a professional development plan but has established a prima facie case of sex discrimination as it relates to his reassignment to a teaching position. Thus, that objection is also overruled.

Twelfth, Ward objects to the R&R's finding that Ward's claims fail because the school district has articulated legitimate, non-discriminatory reasons for its actions, which Ward has failed to show were pretextual. After reviewing the evidence in this case, the Court finds that there were legitimate, non-discriminatory reasons for Ward's reassignment to the teaching position. Though his objections provide a

timeline of events to establish pretext, Ward has failed to carry his burden that the proffered reasons were not the true reasons for the re-assignment. Thus, the Court will also overrule that objection.

In his thirteenth objection, Ward merely quotes a previous R&R and asserts that his affidavit supports a claim of retaliation. The Court need not address such a conclusory objection.

The fourteenth and final objection concerns various "disputed" facts. Ward alleges that his inclusion of certain students in gifted classes does not constitute misconduct. However, even if the inclusion of those students does not constitute misconduct, Ward does not identify how this fact changes the outcome.

Next, Ward asserts that suspensions at his school accounted for nearly half of the out-of-school suspensions in the school district. Though he asserts that the data is misleading, he provides no evidence to support that assertion and does not identify competing data.

Then Ward disputes that his supervisor received complaints from teachers regarding his performance and professionalism. Again, he does not provide any evidence that the teachers did not make complaints.

After that, Ward disputes that he completed annual evaluations for teachers without performing the requisite classroom observations required by the school district. Again, he does not actually dispute that he stated this, but rather offers a justification for his statement.

Ward then objects to the finding that when required to submit a revised school improvement plan, he told his supervisor to tell him what to write. Again, he merely offers justification for the statement.

And finally, Ward disputes that his performance was uniquely poor. Rather, he argues that he was successful based on student test scores. Similarly, he asserts that his failure to understand proper curriculum and instruction is a disputed fact. He purports that his school's test scores would not have risen if he failed to understand curriculum and instruction. Again, this fact does not alter the analysis as Defendant's actions were based on his conduct rather than academic performance of students.

The R&R appropriately address these "disputed facts," as has the undersigned, and finds that no genuine dispute remains. Accordingly, Ward's objection is overruled.

Having conducted a complete and careful review of the R&R, including a de novo review of those portions of the R&R to which Ward objects, the Court overrules Ward's objections [83] and adopts as its order the R&R [80]. Defendant's motion [54] for summary judgment is granted, and the Clerk is directed to close this case.

IT IS SO ORDERED this 8th day of April, 2020.

_____
Timothy C. Batten, Sr.
United States District Judge